UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No. _____  **'08 MJ 0146** |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| **Donald Lee GODDARD** | Title 8, U.S.C., Section 1324(a) (2) (B) (iii)- |
| Defendant. | Bringing in Illegal Alien(s) Without Presentation |

The undersigned complainant being duly sworn states:

On or about **January 17, 2008**, within the Southern District of California, defendant **Donald Lee GODDARD**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Gilberto CHAVEZ-Alvarez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **18th** DAY OF **JANUARY 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Gilberto CHAVEZ-Alvarez** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On January 17, 2008 at approximately 0347 hours **Donald Lee GODDARD (Defendant)** made application for admission into the United States at the San Ysidro Port of Entry. Defendant was the driver and sole visible occupant of a gray 1992 Lincoln Town Car. Upon inspection before a CBP (Customs and Border Protection) Officer Defendant presented his Alabama Driver License and declared himself a United States citizen. Defendant told the CBP Officer that he currently lived in Tijuana and was now on his way to work in San Diego. Defendant added that he had owned the vehicle for about three months and further presented a counterfeit California Department of Motor Vehicles (DMV) vehicle registration showing he was the registered owner of the vehicle. The CBP Officer noticed that the vehicle registration appeared to be counterfeit. After obtaining a negative declaration the CBP Officer initiated a cursory inspection of the vehicle. The CBP Officer entered the rear door of the vehicle and pulled the rear seat cushion back; furthermore, he observed a blue jean like fabric that perceived the shape of legs concealed towards the trunk of the vehicle. Defendant and vehicle were escorted to secondary for a more thorough inspection.

In secondary, CBP Officers discovered a non-factory compartment between the rear seat and the trunk. The original gas tank had been cut open and an alternate fuel source was affixed under the rear seat of the vehicle. The trunk was opened and the rear wall carpet was pulled back to gain access to the compartment. A piece of plywood layered with carpet (matching the rest of the trunk) was laid across the gas tank. The plywood was removed and an undocumented Mexican citizen was discovered inside the gas tank. The male was identified as **Gilberto CHAVEZ-Alvarez** and is now being held as a material witness.

During a videotaped interview Defendant was advised of his Miranda rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. Defendant admitted knowing that there was an undocumented alien concealed in the rear area of the vehicle. Defendant declared he was going to receive a monetary payment of $1,500.00 USD to smuggle the alien into the United States.

A videotaped interview was conducted with Material Witness. Material Witness declared himself a citizen of Mexico with no legal right to enter the Untied States. Material Witness disclosed he was traveling to Los Angeles, California to seek residence and employment. Material Witnesses claims that is uncle in the United States was going to pay unknown persons $2,000.00 upon his arrival to Los Angeles.

